IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DARRIUS HEUSER-WHITAKER,

Petitioner,

v.                                                    CRIMINAL ACTION NO. 2:18-cr-177

UNITED STATES OF AMERICA,

Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Petitioner Darrius Heuser-Whitaker ("Petitioner") Motion for

Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the Formerly

Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act ("First Step

Act"). Pet'r's Mot. Compass. Release, ECF No. 762 ("Pet'r's Mot."); *see also* First Step Act of

2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). For the reasons stated herein, Petitioner's

Motion is **DENIED.**

**I.   FACTUAL AND PROCEDURAL HISTORY**

On December 6, 2018, Petitioner was named in a five-count Indictment, which charged

him with Conspiracy to Interfere with Commerce by Means of Robbery, in violation of 18

U.S.C. § 1951(a) (Count One); two counts of Interference and Attempted Interference with

Commerce by means of Robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 (Counts Four and

Six); and two counts of Using and Carrying a Firearm During and In Relation to a Crime of

Violence, in violation of 18 U.S.C. §§ 922(g)(1) and 981(a)(1)(C) (Counts Five and Seven). ECF

No. 1. On July 26, 2019, a jury found Petitioner guilty on all counts. ECF No. 246.

On November 7, 2019, the Court sentenced Petitioner to a total of 168 months

1

imprisonment. ECF Nos. 380, 581.[1] Upon release from imprisonment, Petitioner is sentenced to serve a supervised release term of five years. *Id.* Petitioner is set to be released on January 3, 2031. Pet'r's Mot. at 3.

On October 20, 2025, Petitioner filed a *pro se* Motion for Compassionate Release. ECF No. 745. On February 2, 2026, Petitioner filed the instant Motion through counsel. Pet'r's Mot. On March 4, 2026, the Government filed a response in opposition. Resp't's Mem. Opp'n to Pet'r's Mot. Compass. Release, ECF No. 766 ("Mem. Opp'n"). On March 14, 2026, Petitioner filed a Reply. ECF No. 770. Accordingly, this matter is ripe for judicial determination.

## II.    LEGAL STANDARD

### A. The Threshold Requirement

A petitioner may bring a motion to modify their sentence after they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [petitioner]'s behalf or the lapse of 30 days from the receipt of such a request by the warden of the [petitioner]'s facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release has two options after requesting that the BOP bring a motion on their behalf: (1) exhaust their administrative remedies; or (2) wait 30 days from the date of their initial request to the BOP. *United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021) ("§ 3582(c)(1)(A) outlines two routes – one of which does not require exhaustion of administrative remedies."). In other words, a petitioner may satisfy the threshold requirement if they "request[] the Bureau of Prisons to bring a motion on their behalf and *either* fully exhaust[] all administrative rights to appeal the Bureau's decision *or* wait[] 30 days from the date of their initial request to file a motion in the district court." *Id.* (emphasis in original). Thus, a petitioner

---

[1] Petitioner's original judgment was amended after his appeal to the Untied States Court of Appeals for the Fourth Circuit. ECF No. 570.

who made a request to the BOP at least 30 days prior may seek compassionate release with the district court whether the BOP has ruled on the request or not. *Id.* (holding petitioner satisfied the threshold requirement by filing his compassionate release motion 149 days after submitting a request to the warden, which the warden denied). Moreover, the threshold requirement is a non-jurisdictional claim-processing rule and thus may be waived or forfeited if not timely raised. *Id.* at 129-30 (collecting cases from sister circuits holding the same).

### B. The Compassionate Release Standard

As amended by the First Step Act, a court may modify a term of imprisonment by motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" was previously defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. §1B1.13, Application Note 1. Before the First Step Act was passed, the Sentencing Commission provided that a sentence may be modified due to the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. §1B1.13, cmt. 1(A)–(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at cmt. 1(D). Use of the "catch-all provision" prior to the First Step Act was severely restricted because it required approval from the BOP before an individual could petition the district court for relief. *Id.*

U.S.S.G. § 1B1.13 is now outdated, however, following the passage of the First Step Act, which allows individuals to petition the district court directly without clearance from the BOP. As such, §1B1.13 is merely advisory and does not bind the Court's application of §

3582(c)(1)(A). *United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020) ("[W]here the [Sentencing] Commission fails to act, then courts make their own independent determinations of what constitutes an 'extraordinary and compelling reason[]' under § 3582(c)(1)(A), as consistent with statutory language."). A petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). In sum, the Court may consider a combination of factors, including but not limited to those listed in U.S.S.G. §1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i). Ultimately, compassionate release motions "ask courts to balance the severity of the inmate's personal circumstances, on the one hand, against the needs for incarceration, on the other." *United States v. Hargrove*, 30 F.4th 189, 197 (4th Cir. 2022).

### III.   DISCUSSION

#### A.  The Threshold Requirement

As an initial matter, the Court must address the issue of exhaustion. In his initial Motion, Petitioner provided documentation of his request for compassionate release to the warden on September 18, 2025, and the warden's denial of Petitioner's request on September 22, 2025. ECF No. 745. Therefore, Petitioner has exhausted his administrative remedies, and the Court will proceed to address the merits of Petitioner's Motion.

#### B.  Petitioner's Compassionate Release Request

The Court now turns to whether Petitioner has set forth extraordinary and compelling reasons to reduce his sentence. Petitioner seeks a reduction of his sentence from 168 months to 120 months. Pet'r's Mot. at 10. Petitioner argues compassionate release is warranted because (1) he has demonstrated significant rehabilitation during his time incarcerated, (2) his youth at the time of the offense constitutes an extraordinary and compelling basis for reduction, and (3) the

balance of Section 3553(a) factors demonstrate that purposes of punishment in this case can be achieved by a reduced sentence. *See* Pet'r's Mot.

### 1. Rehabilitation

Petitioner argues that, since he entered prison more than half a decade ago, he has transformed himself. Pet'r's Mot. at 5-6. Petitioner has committed to furthering his education by enrolling in and completing several courses, as well as maintained employment within the BOP. *Id.* Petitioner also points to his decreasing amount of misconduct correlating with his increased pursuit of coursework and education. *Id.* at 7. Petitioner has also denounced and disaffiliated from his gang—typically a dangerous decision—which he argues is a credit to his sincerity to his rehabilitation. *Id.* His character letters applaud his work ethic and meaningful contributions he has made in his communities while incaracerated. *Id.*

The Court takes note of the good work Petitioner has been engaged in while incarcerated. However, rehabilitation is just one consideration the Court may take into consideration when determining a reduction in a defendant's term of imprisonment—it is not a sufficient consideration on its own. U.S.S.G. § 1B1.13(d); *see also* Pet'r's Mot. at 5. Therefore, the Court must continue in its assessment of the various factors.

### 2. Youth at the Time of Offense

Petitioner argues that his youth at the time of the offense justifies a reduction in his sentence. Pet'r's Mot. at 7-9. And while youth can be considered as a factor in the U.S.S.G. § 1B1.13(b)(5) catchall provision analysis, it cannot be the sole basis on which the sentence reduction relies. *See United States v. Rucker*, No. 3:09-CR-00028, 2022 WL 1184670, at *3 (W.D. Va. Apr. 21, 2022) ("And while consideration of a defendant's youth at the time of his offense has been deemed a proper factor supporting reduction under the compassionate release

5

statute, *see McCoy*, 981 F.3d at 286, nowhere does the caselaw indicate that youth alone is a sufficient basis for a sentence reduction absent some other factor that could, on its own, constitute an 'extraordinary and compelling' reason for relief."). As in *Brown*, "[w]hile the circumstances of the defendant's . . . youth at the time of the offense are certainly troubling, they are not so unusual as to amount to extraordinary and compelling reasons warranting a sentence modification." *United States v. Brown*, No. 2:11-CR-152, 2024 WL 3357836 at *6 (E.D. Va. July 10, 2024) (citing *Roper v. Simmons*, 543 U.S. 551, 570 (2005)).

Petitioner argues that his conduct was "the product of his youth impulsivity … [and] the influences he faced from his gang, and the lack of a strong role model able to intervene and set him right." Pet'r's Mot. at 9. However, the Court believes that at 19 years old, Petitioner was old enough to understand that planning and executing multiple robberies was wrong.

Further, the Court also notes that Petitioner's youth was considered during sentencing, when this Court sentenced Petitioner to a downward variance as requested in his position papers. Mem. Opp'n at 3. Petitioner has "spent more than a quarter of his life behind bars." *Id.* But the Court sentenced Petitioner to a lower sentence than the Government requested or the Sentencing Guidelines recommended. ECF Nos. 369, 370, 377. The Court considered all the characteristics Petitioner raises in this Motion—his youth, the nature of the offense, and his propensities—when initially fashioning that downward departure. *Id.*

Petitioner's youth at the time of the offense is no different today than it was when this Court considered it at sentencing. Accordingly, Petitioner's youth at the time of offense alone does not present an extraordinary and compelling reason for the Court to grant his compassionate release.

### 3.  18 U.S.C. § 3553(a) Factors and Rehabilitation

Moreover, even if Petitioner had articulated sufficient "extraordinary and compelling" circumstances to surmount the requirements of the statute, the 18 U.S.C. § 3553(a) factors do not support a reduced sentence.

Petitioner points to his rehabilitation, health issues, and issues at FCI Gilmer as relevant in the Court's determination. Pet'r's Mot. at 10-12. Regarding rehabilitation, the Court maintains its view as stated above. Despite Petitioner's claim that he has sufficiently rehabilitated in the lapsed period of time and that ten years of imprisonment will accomplish goals of specific and general deterrence, the Court is not convinced the necessary rehabilitation has yet occurred to justify a reduced sentence because there has been no substantial change in the factors as considered at the time of sentencing. ECF No. 762.

As to Petitioner's health, he has identified several chronic medical conditions, such as hypertension and asthma, but has not articulated any reason these conditions cannot be accommodated by FCI Gilmer. Petitioner concedes that "these issues may not rise to the level of extraordinary and compelling circumstances," and asks the Court to consider them generally as § 3553(a) factors. Pet'r's Mot. at 11-12. The Court has considered these conditions but does not find merit in granting a reduced sentence based on these conditions at this time. Petitioner also asks the Court to consider the "mental strain" he faces that should he need mental health treatment, he may not receive adequate care because other inmates have not received adequate care at FCI Gilmer. *Id.* at 12. However, the Court cannot reduce a sentence based on a hypothetical future issue, nor is this an action against FCI Gilmer. Petitioner may not ever need mental health treatment while in custody and therefore may never be denied necessary treatment. Further, if an issue did come up and FCI Gilmer did not provide Petitioner with adequate care,

7

Petitioner could certainly seek recourse at that time.

Therefore, the Court finds, at this point, the current sentence is not greater than necessary under the § 3553(a) factors.

Accordingly, the Court originally imposed a sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. In balancing the applicable § 3553(a) factors, the Court concludes those factors weigh against Petitioner's release. The Court reiterates that the standard for compassionate release is rigorous and failure to meet this standard does not discount the good work Petitioner has engaged in while incarcerated. Although Petitioner has not demonstrated "extraordinary and compelling" circumstances to warrant a reduction of time under 18 U.S.C. § 3582, the Court commends Petitioner on his impressive commitments to his education and improving himself during his time in prison.

## IV.    CONCLUSION

For the foregoing reasons, Petitioner has not shown an extraordinary and compelling reason to grant compassionate release. Petitioner's Motions for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF Nos. 745, 762 are **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to Petitioner, the United States Attorney, the Federal Public Defender, and the United States Probation Office.

**IT IS SO ORDERED.**

Norfolk, Virginia
May 20, 2026

_____
Raymond A. Jackson
United States District Judge

8